## PETERSEN v. THOMAS.

(Court of Appeals of District of Columbia. Submitted November 18, 1925. Decided January 4, 1926. Petition for Rehearing Denied January 20, 1926.)

No. 1788.

1. Patents ⊜90(5)—Prior conception, without diligence in reducing invention to practice, will not entitle inventor to priority.

The inventor who first reduces his invention to practice is prima facie entitled to patent, and priority of conception will not avail, unless reasonable diligence in reduction to practice is shown.

2. Patents ⊜90(3)—Efforts toward commercial exploitation of invention not reduced to practice do not constitute diligence.

Efforts toward commercial exploitation of an invention not yet reduced to practice do not constitute diligence, where application for patent might have been filed.

Appeal from the Commissioner of Patents.

Interference proceeding between Olaf W. Petersen and Simms Thomas. From the decision of the Commissioner of Patents, awarding priority to Thomas, Petersen appeals. Reversed.

V. H. Lockwood and R. G. Lockwood, both of Indianapolis, Ind., for appellant.

E. W. Bradford, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding, awarding priority to the party Thomas. The invention is a manually operated stoker for feeding fuel in successive and progressive stages. Although comparatively simple, it is practical and useful. [1] In his verified preliminary statement, Thomas says that he conceived the invention in March of 1917, and completely disclosed it in the following June; "that about the 1st of July, 1917, he sought to interest Mr. L. Leroy Close * * * in the invention, with the idea of getting the invention manufactured and placed upon the market; that he had no means of his own sufficient to exploit the invention by its manufacture and sale;" that during the year 1918 he made further efforts "to obtain the assistance needed to begin the manufacture and sale of stokers" embodying his invention; that he made similar efforts in 1919, and finally, in June of 1921, succeeded in interesting the Auburn Foundry Corporation in the invention, and "the manufacture of the stoker was immediately taken up, and by August 15 of that year one of the stokers was completed and installed."

The evidence for Mr. Thomas is in harmony with his preliminary statement, and leaves no room for doubt that he made a complete disclosure of his invention in June of 1917; that his financial situation was such that at any time following he might have filed an application for patent thereon; and that his sole reason for delaying reduction to practice until August of 1921, a period of more than four years, was his inability commercially to exploit it through its manufacture and sale.

Petersen, whose financial resources were no better than, if as good as, those of Thomas, conceived the invention in December of 1920, and reduced to practice in February, following, through the installation of a full-size operative machine. It thus appears that Petersen, in less than three months, accomplished as much as did Thomas in more than four years. The Examiner of Interferences and the Board of Examiners in Chief found Thomas lacking in diligence, while the Assistant Commissioner was of the view that his efforts toward commercial exploitation constituted diligence.

The underlying theory of the patent law, as we many times have suggested, is that encouragement of inventors will inure to the benefit of the public. Obviously such benefit will not flow from mere conception of an invention. Such conception must be completed—that is, reduced to practice—or there has been no gain to the public. For these reasons, he who first reduces to practice is prima facie the first inventor; but under the law the party first to conceive and disclose an invention may prevail, provided he couples his conception and reduction to practice through evidence of reasonable diligence, thus making the two, in substance and effect, a continuous act. Christie v. Seybold, 55 F. 69, 5 C. C. A. 33.

[2] The question here, therefore, is whether Thomas was diligent at the time Petersen entered the field. This court has uniformly held that efforts toward commercial exploitation of an invention not yet reduced to practice do not constitute diligence, where, as here, an application for patent might have been filed. Seeberger v. Dodge, 24 App. D. C. 476; Laas v. Scott, 26 App. D. C. 354; Hawkins v. Ward, 38 App. D. C. 90; Dutcher v. Jackson, 44 App. D. C. 465. The patent law contemplates and demands activity

toward actual completion of an invention, rather than abortive attempts at commercial exploitation.

It follows that Thomas was lacking in diligence, and that the award of priority should have been in favor of Petersen. The decision, therefore, is reversed.

Reversed.