## HAMBUECHEN v. SCHORGER.

(Court of Appeals of District of Columbia. Submitted January 13, 1926. Decided February 1, 1926.)

No. 1801.

1. Patents ⬡➡90(3)—Delay after conception and reduction to practice in making application held inexcusable.

Delay for more than four years after conception and for nearly four years after reduction to practice before applying for patent, during which time patent was issued to another, held inexcusable.

2. Patents ⬡➡90(2)—Deliberate suppression of invention precludes successful attack on rights of another.

One deliberately suppressing invention to his own advantage cannot displace another, who, acting independently and in good faith, gives invention to public.

3. Patents ⬡➡106(1) — Applicant, barred by two-year public use from procuring patent, held not entitled to destroy rights of another.

Applicant for patent, not entitled thereto because of two-year public use of device, held not entitled to attack and destroy rights of another, who independently and in good faith had procured patent and given invention to public.

Appeal from the Commissioner of Patents.

Interference proceeding between Carl Hambuechen and Arlie William Schorger. From a decision of the Commissioner of Patents for the latter, the former appeals. Affirmed.

J. H. Brickenstein and C. H. Potter, both of Washington, D. C., for appellant.

W. B. Morton, A. B. Marvin, and M. D. Jackson, all of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding, awarding priority of invention to the senior party and patentee, Schorger.

There is little or no dispute as to the facts. The invention is a simple one, and relates to a dry cell, such as is used in flash lights; the advance over the prior art consisting in dipping the core of the cell "in a magma to form a bibulous envelope therefor."

Early in August of 1917 Schorger conceived and reduced the invention to practice. Within a few months of that time he had manufactured and sold thousands of devices embodying the invention. His application was filed November 19, 1918, and a patent issued thereon September 23, 1919.

[1] Hambuechen conceived the invention early in 1916, and the tribunals of the Patent Office have found that he reduced it to practice as early as April of that year. Learning of the issuance of the Schorger patent, and more than two years after Schorger's device had been in public use, Hambuechen filed his application on February 14, 1920, or more than four years after his conception, and almost four years after reduction to practice by him. He now says that his delay in filing was occasioned by his desire to be assured that the invention would be a commercial success, that this could be ascertained only by subjecting the cells to a so-called life test, and that such a test was being conducted from the time of his invention to the date of the filing of his application. It is significant that his application, when filed, disclosed nothing not shown in his early reduction to practice, and it is also significant that his financial condition was such that he then might have filed an application or manufactured the device, had he so desired. His delay, therefore, was utterly inexcusable, as held by the Assistant Commissioner.

[2] Over and over again it has been ruled that the object of the patent system is stimulation of invention for the benefit of the public, and that a man who makes an invention and deliberately suppresses it to his own advantage ought not to be permitted to displace another inventor, who acts independently and in good faith and gives the invention to the public. Such a practice would be subversive of the underlying theory of patent law. Mason v. Hepburn, 13 App. D. C. 86; Brown v. Campbell, 41 App. D. C. 499; Dutcher v. Jackson, 44 App. D. C. 465; Curtain Sup-

ply Co. v. National Co. (C. C.) 174 F. 45. See, also, Petersen v. Thomas (present term) 10 F.(2d) 908, —— App. D. C. ——.

[3] Under the evidence, it is extremely doubtful whether Hambuechen would yet have disclosed his invention to the public, had the Schorger patent not issued. Of course, Hambuechen could not secure a patent, in any event, because of the two-year public use of the device, and certainly he ought not to be permitted, under the facts of this case, to deprive Schorger of the reward to which he is justly entitled.

The decision is affirmed.

Affirmed.