## PYZEL v. BLACK.

Court of Appeals of District of Columbia.

Submitted January 18, 1928. Decided February 6, 1928.

No. 1983.

1. Patents ⬚185—Inventor may monopolize invention for statutory period, if he applies for patent before bar of public use intervenes.

One who first makes an invention is entitled to monopolize it for the statutory period, provided he applies for his patent before bar of public use has intervened.

2. Patents ⬚90(2)—Inventor, secreting and suppressing invention, is entitled to no consideration.

One who makes an invention, and secretes and suppresses it, benefits no one, and is entitled to no consideration, and to permit him, when another and independent inventor gives invention to public, to come forward and claim it, would be subversive of policy of the law.

3. Patents ⬚91(4)—Junior party, in interference proceeding involving process and apparatus for refining petroleum oil, held properly awarded priority.

Junior party, in interference proceeding involving process and apparatus for refining petroleum oil, held properly awarded priority, on showing that there had been no suppression of invention.

Appeal from Commissioner of Patents.

Interference proceeding between Daniel Pyzel and John C. Black. Decision for the latter, and the former appeals. Affirmed.

J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

Leonard S. Lyon, of Los Angeles, Cal., and J. T. Newton, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in an interference proceeding, awarding priority to the junior party, Black, to whom a patent was inadvertently issued.

The invention relates to a process and apparatus for the refining of petroleum oil. Owing to the view we take of the case, a detailed description of the invention is unnecessary.

For many years prior to 1919, Mr. Black, who was highly skilled in this art, was employed by the Standard Oil Company. The evidence conclusively establishes that he conceived the invention prior to 1914, when he caused to be erected for his company a plant embodying the invention. This plant was operated on a very extensive scale until 1919, the evidence showing that the production amounted to thousands of barrels a day. Other officials and employees of the company during this period must have become thoroughly familiar with the process and apparatus. There is no evidence that there was any injunction of secrecy as to either the process or the apparatus, although the general public was not admitted to the plant. There has been no assignment of this invention to the Standard Oil Company. In 1919 Mr. Black left the Standard Oil Company and took employment with the Pan-American Petroleum & Transport Company. It is in evidence that he thereafter made various installations embodying his invention for that company. It does not appear that Black was induced to file an application through knowledge of his adversary's activity.

Mr. Pyzel first disclosed the invention in this country in 1918, and put it into commercial practice the following year.

The Examiner of Interferences ruled that under the evidence Black had concealed and suppressed his invention, that he probably was induced to file through knowledge of what Pyzel had done, and that he had forfeited his right to an award of priority. The Examiners in Chief found that there had been no suppression of the invention, and reversed the ruling. The Commissioner affirmed the decision of the board.

[1, 2] For about 30 years the doctrine an-

nounced in Mason v. Hepburn, 13 App. D. C. 86, has been consistently followed in this court. Under the law, he who first makes an invention is entitled to monopolize it for the statutory period, provided he applies for his patent before the bar of public use has intervened. The patent is of record, and at the end of the statutory period it becomes public property. The object of the statute, as we many times have said, is the stimulation of invention for the benefit of the public. One who makes an invention, and secretes and suppresses it, benefits no one, and is entitled to no consideration. To permit him, when another and independent inventor gives the invention to the public, to come forward and claim it, would be subversive of the policy of the law. He is not the real inventor within the meaning of the law, and is estopped to assert that he is. Such was the ruling in Mason v. Hepburn. See, also, Hambuechen v. Schorger, 56 App. D. C. 141, 10 F. (2d) 1006.

[3] In the present case there was no suppression of the invention by Black. Its extensive exploitation over such a long period by the Standard Oil Company, under the circumstances disclosed, negatives a finding of suppression, especially in view of the fact that Mr. Black left the employ of that company without making an assignment to it of the invention. As pointed out by the board and the Commissioner, the question here is not whether Black's patent, owing to the bar of public use, is valid, but whether, on the record before us, he is entitled to an award of priority. We agree with the Commissioner that he is. See Rolfe v. Kaisling, 32 App. D. C. 582; Gaisman v. Gillette, 36 App. D. C. 440; Lederer v. Walker, 39 App. D. C. 122; Stewart v. Thomas, 42 App. D. C. 222. The decision is affirmed.

Affirmed.